IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      vs.<br><br>CHRISTOPHER P. CHRAMOSTA, and<br>TRENT L. KINGSLEY,<br><br>                Defendants. | 4:13CR3086<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

This matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. On June 19, 2013, a federal grand jury sitting in this District returned an Indictment against the Defendants. Count I charged the Defendants with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. The Forfeiture Allegation of said Indictment sought the forfeiture, pursuant to 21 U.S.C. § 853, of the following properties on the basis they were used or were intended to be used to facilitate the controlled substance violation alleged in Count I, and/or were derived from proceeds obtained directly or indirectly as a result of the commission of the controlled substance violation: (1) $39,748.00 in United States currency seized from Trent Kingsley on March 11, 2013; (2) $64,810.00 in United States currency seized from packages Christopher P. Chramosta placed in the mail on May 22, 2013; (3) a diamond engagement ring, white gold with 1.50 CT center stone surrounded by .81 CT total weight smaller stones, purchased by Trent Kingsley in February, 2013; and (4) a 2012 BMW 550i sedan, VIN WBAFU9C52CDY70045. The Forfeiture Allegation also sought a money judgment for sum of

money equal to the total proceeds of the drug conspiracy offense, including but not limited to $2,095,200.00, cash. The Forfeiture Allegation also sought the forfeiture of substitute property pursuant to 21 U.S.C. §§ 853(p), as incorporated by 18 U.S.C. § 982(b)(1), and by 28 U.S.C. § 2461(c).

2. On November 12, 2013, the Defendant, Christopher P. Chramosta, entered into a Plea Agreement (Filing No. 58) whereby he agreed to enter a plea of guilty to Count I of the Indictment and agreed to admit to the Forfeiture Allegation. In full satisfaction of the money judgment, Mr. Chramosta agreed to tender, in certified funds made payable to the U.S. Marshals Service, $120,000.00. He agreed the tender would be made on the date of his sentencing, and agreed the sum would be forfeited to the United States. Mr. Chramosta also agreed to waive any interest he had or may have had in the computer equipment law enforcement (specifically, a silver Apple MacBook Air, serial no. C02GLY3XDJWT, and a black/silver Apple desktop computer, A1312100-240V, FCCID – QDS-BRCM1029) seized from his apartment on June 7, 2013, and consents to the forfeiture of said equipment to the United States.

3. On December 12, 2013, the Defendant, Trent L. Kingsley, pled guilty to an Information and admitted the Forfeiture Allegation therein. The Information charged Mr. Kingsley with one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. The Forfeiture Allegation sought the forfeiture, pursuant to 21 U.S.C. § 853, of the following properties on the basis they were used or were intended to be used to facilitate the controlled substance violation alleged in Count I, and/or were derived from proceeds obtained directly or indirectly as a result of the commission of the controlled substance violation: $39,748.00 in United States currency seized from Trent Kingsley on March 11, 2013 and a diamond engagement

ring, white gold with 1.50 CT center stone surrounded by .81 CT total weight smaller stones, purchased by Trent Kingsley in February, 2013.

4. By virtue of their guilty pleas, the Defendants forfeit their interest in the properties described above, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853.

4. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based on the Defendants' guilty pleas, the United States is hereby authorized to seize the following properties:

1. $39,748.00 in United States currency seized from Trent Kingsley on March 11, 2013.

2. $64,810.00 in United States currency seized from packages Christopher P. Chramosta placed in the mail on May 22, 2013.

3. Diamond engagement ring, white gold with 1.50 CT center stone surrounded by .81 CT total weight smaller stones, purchased by Trent Kingsley in February, 2013.

4. 2012 BMW 550i sedan, VIN WBAFU9C52CDY70045.

5. A silver Apple MacBook Air, serial no. C02GLY3XDJWT.

6. A black/silver Apple desktop computer, A1312100-240V, FCCID – QDS-BRCM1029.

  C. The Defendant, Christopher P. Chramosta, is ordered to deliver, on or before the date of his sentencing, certified funds in the amount of $120,000.00, made payable to the U.S. Marshals Service, in full satisfaction of the money judgment.

  D. The interest of the Defendants in the aforementioned properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

  E. The aforementioned properties are to be held by the United States in its secure custody and control.

  F. Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov, notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

  G. Said published notice shall state the Petition referred to in Paragraph E, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

H. The United States may also, to the extent practicable, provide direct written notice to any person known to have an interest in the properties to this Order as a substitute for published notice as to those persons so notified.

I. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this 25th day of February, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge